22-3007-cv
*Business Casual Holdings, LLC v. YouTube, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-three.

PRESENT:

   JOSEPH F. BIANCO,
   SARAH A. L. MERRIAM,
   MARIA ARAÚJO KAHN,
    *Circuit Judges*.

―――――――――――――――――――――――――――――

Business Casual Holdings, LLC, a Delaware limited liability company,

   *Plaintiff-Appellant*,

   v.                     22-3007-cv

YouTube, LLC, a Delaware limited liability company,
Google LLC, a Delaware limited liability company,
Alphabet Inc., a Delaware corporation,

   *Defendants-Appellees*.

―――――――――――――――――――――――――――――

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | RONALD D. COLEMAN, Dhillon Law Group, Inc., Newark, NJ. |
| FOR DEFENDANTS-APPELLEES: | BRIAN M. WILLEN, Wilson Sonsini Goodrich & Rosati, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Business Casual Holdings, LLC ("Business Casual") appeals the district court's judgment entered on November 23, 2022, denying its motion for leave to file an amended complaint and dismissing with prejudice its claims against YouTube, LLC, Google LLC, and Alphabet Inc. (collectively, "YouTube"). This lawsuit relates to the posting of three videos on YouTube by non-party TV-Novosti, which allegedly operates 39 channels on YouTube's video-sharing platform, including the "RT Arabic" channel. Business Casual asserts that three videos posted by TV-Novosti on the RT Arabic channel on YouTube contained copyrighted content from documentary videos that Business Casual had published on YouTube entitled "How Rockefeller Built His Trillion Dollar Empire" and "J.P. Morgan Documentary: How One Man Financed America." App'x at 16. Business Casual alleges that these videos feature unique three-dimensional renderings of historical scenes that were created using Business Casual's specialized "parallax" technology.[1] Business Casual filed its initial complaint against YouTube, alleging that YouTube:

---

[1] Business Casual obtained federal copyright registrations for both videos on March 8, 2021.

2

(1) directly infringed Business Casual's copyrights; (2) contributed to TV-Novosti's copyright infringement; and (3) is vicariously liable for TV-Novosti's copyright infringement.[2]

In a Memorandum Opinion and Order dated March 21, 2022, the district court granted YouTube's motion to dismiss all of Business Casual's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismissed the initial complaint without prejudice. *See Bus. Casual Holdings, LLC v. YouTube, LLC, et al.*, 21-cv-03610(JGK), 2022 WL 837596 (S.D.N.Y. Mar. 21, 2022). On November 22, 2022, the district court denied Business Casual's motion for leave to file an amended complaint and dismissed the action with prejudice. *See Bus. Casual Holdings, LLC v. YouTube, LLC, et al.*, 21-cv-03610(JGK), 2022 WL 17177970 (S.D.N.Y. Nov. 22, 2022).

On appeal, Business Casual argues that the district court erred in denying leave to amend because it sufficiently alleged claims for secondary (or "indirect") copyright infringement under theories of contributory and vicarious liability.[3] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* the denial of leave to amend where, as here, the district court determined that the proposed amendments would be futile. *See IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp.*, 783 F.3d 383, 389 (2d Cir. 2015). "Proposed amendments are futile if they would fail to cure prior deficiencies or state a claim." *Id.* (internal

---

[2] Business Casual subsequently filed a separate infringement case against TV-Novosti in the Southern District of New York. *See Bus. Casual Holdings, LLC v. TV-Novosti*, No. 21-cv-02007(JGK) (S.D.N.Y. Mar. 9, 2021).

[3] Because Business Casual does not challenge the district court's dismissal of its claim of direct copyright infringement, that claim is abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995) (citing Fed. R. App. P. 28(a)(6)).

3

quotation marks and citation omitted).  To evaluate whether a proposed amended complaint would state a claim, we rely on "the same standards as those governing the adequacy of a filed pleading." *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).  Thus, "[i]n assessing whether the proposed complaint states a claim, we consider the proposed amendments . . . along with the remainder of the complaint, accept as true all non-conclusory factual allegations therein, and draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief."  *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (internal quotation marks and citations omitted).

As set forth below, for substantially the same reasons set forth in the district court's thorough and well-reasoned decisions dismissing the initial complaint and then denying leave to file the amended complaint, we conclude that Business Casual did not sufficiently plead allegations in the amended complaint to support a plausible claim that YouTube is contributorily or vicariously liable for TV-Novosti's copyright infringement.  In reaching this conclusion, the district court correctly determined that Business Casual's failure to assert a plausible claim of secondary copyright infringement rendered irrelevant its argument that YouTube did not meet the requirements for the affirmative defense under the safe harbor provisions of the Digital Millennium Copyright Act ("DMCA"), *see* 17 U.S.C. § 512.

### I. Contributory Copyright Infringement

To establish contributory infringement, Business Casual must show that YouTube, "with knowledge of the infringing activity, induce[d], cause[d] or materially contribute[d] to the infringing conduct of another."  *EMI Christian Music Grp. Inc. v. MP3 Tunes LLC*, 844 F.3d 79, 99-100 (2d Cir. 2016) (internal quotation marks omitted).  The district court correctly held that the

4

amended complaint did not contain allegations that would support a plausible claim against YouTube for contributory infringement. There is not a single allegation in the amended complaint that YouTube had any knowledge of TV-Novosti's use of the three allegedly infringing videos until YouTube received Business Casual's notifications of claimed infringement, commonly known as "takedown notices" under the DMCA. *See* 17 U.S.C. § 512 (c)(2). Rather, the amended complaint states that TV-Novosti took active steps to conceal its infringement by removing Business Casual's watermark from the images in question, replacing it with its own watermark, and removing the color from Business Casual's videos. According to the amended complaint, these steps by TV-Novosti allowed it to "evade detection from YouTube's copyright-detection technology." App'x at 299. Moreover, the amended complaint established that YouTube promptly removed the three videos at issue from its platform once it became aware of the alleged infringement, and these videos remain unavailable.

Business Casual's own allegations reveal that YouTube did not materially contribute to, but rather acted to remedy, TV-Novosti's infringement. Apparently recognizing that these allegations undermine a plausible claim, Business Casual concedes in its brief that its claims "do not arise from a failure by YouTube to detect, prevent, or acknowledge the infringement" by TV-Novosti and are, thus, "[u]nlike typical cases involving secondary infringement." Appellant's Br. at 11. Instead, Business Casual asserts that YouTube is liable for contributory copyright infringement because it removed the three infringing videos rather than terminating RT Arabic's *entire* YouTube account including all associated TV-Novosti channels. However, the amended complaint alleges no specific additional acts of infringement against Business Casual on the RT

5

Arabic channel after YouTube removed the three infringing videos.[4] As the district court explained, "YouTube's claimed refusal to terminate TV-Novosti's channels postdates both TV-Novosti's posting of the three allegedly infringing videos and YouTube's removal of them," and thus, "YouTube's alleged failure to terminate TV-Novosti's channels could not have caused or contributed to TV-Novosti's decision to upload the allegedly infringing content at the outset, nor could it constitute volitional conduct that caused or perpetuated the alleged infringement." *Bus. Casual Holdings, LLC*, 2022 WL 17177970, at *8 n.7. In short, we agree with the district court that, "because YouTube promptly and permanently removed the First, Second, and Third RT Videos from its platform once it received the plaintiff's DMCA notices, the Amended Complaint does not permit an inference that YouTube acted in concert with TV-Novosti." *Id*. at *6.

Accordingly, the district court properly denied leave to replead the contributory infringement claim on the ground of futility.

### II. Vicarious Copyright Infringement

Business Casual's claim for vicarious copyright infringement is similarly flawed. Vicarious liability for copyright infringement may arise only when the defendant had the "right and ability to supervise that coalesced with an obvious and direct financial interest in the exploitation of copyrighted materials." *EMI Christian Music Group, Inc.*, 844 F.3d at 99 (internal quotation marks, citations, and alterations omitted). In other words, a party "infringes vicariously by

---

[4] The proposed Amended Complaint alleges that the RT Arabic channel on YouTube features other videos that Business Casual believes to have infringed its copyright, and it alleges that TV-Novosti repeatedly infringed Business Casual's copyrights for years, but it does not allege with any specificity which videos are allegedly infringing Business Casual's copyrights. Such conclusory allegations of infringement are insufficient to state a plausible copyright claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6

profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

As discussed above, the allegations in the amended complaint establish that YouTube did not decline to exercise its right to stop TV-Novosti's alleged infringement, and instead removed the three videos shortly after learning about their alleged infringement. Therefore, the district court correctly held that the amended complaint failed to assert a plausible claim for vicarious copyright infringement.

### III. YouTube's Repeat Infringer Policy

Business Casual devotes much of its brief to arguing that YouTube's failure to terminate TV-Novosti's channels after it received three notices of infringing conduct is inconsistent with YouTube's Repeat Infringer Policy. Business Casual argues that YouTube's inconsistent practices should "result in the withdrawal of safe harbor protection" under the DMCA.[5] Appellant's Br. at 18. However, we agree with the district court that Business Casual's attempt to assert an independent claim against YouTube based on its alleged failure to consistently apply its Repeat Infringer Policy is entirely misplaced.

The DMCA safe harbor provision that Business Casual relies on is an *affirmative defense* that a defendant may assert when a plaintiff sufficiently alleges a viable claim of *prima facie* copyright infringement. *See* 17 U.S.C. § 512(l) ("The failure of a service provider's conduct to qualify for limitation of liability under this section shall not bear adversely upon the consideration

---

[5] The safe harbor defenses under the DMCA shield internet service providers from liability for copyright infringement if certain statutory criteria are met, including the maintenance of a policy for terminating "repeat infringers." *See* 17 U.S.C. § 512(i)(1)(A); *see also Viacom Intern., Inc., v. YouTube, Inc.*, 676 F.3d 19, 40 (2d Cir. 2012).

7

of a defense by the service provider that the service provider's conduct is not infringing under this title or any other defense."); *see also Capitol Recs., LLC v. Vimeo, LLC,* 826 F.3d 78, 94 (2d Cir. 2016) ("[T]he safe harbor is properly seen as an affirmative defense, and therefore must be raised by the defendant."); *CoStar Grp., Inc. v. LoopNet, Inc.*, 373 F.3d 544, 555 (4th Cir. 2004) ("[T]he DMCA is irrelevant to determining what constitutes a prima facie case of copyright infringement."). In other words, there is no affirmative cause of action for any alleged failure by YouTube to apply its Repeat Infringer Policy in accordance with the DMCA's safe harbor provisions. As discussed above, Business Casual has not sufficiently alleged a plausible claim for contributory or vicarious copyright infringement. Thus, the district court properly determined that it need not reach the applicability of the "safe harbor" affirmative defense under the DMCA.

\*       \*       \*

We have considered Business Casual's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court